IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWAUN DUPREE CARSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-178-SPB-RAL |
| | ) |
| MORRIS L. HOUSER, et al., | ) |
| | ) |
| Respondents. | ) |

### MEMORANDUM ORDER

Dawaun Dupree Carson ("Carson"), an inmate at SCI-Benner Township, filed the within civil action seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Having been tried and found guilty of murder of the first degree, Carson now challenges the validity of his criminal conviction. The matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Carson filed the instant petition on July 9, 2021. ECF No. 1. Respondents filed their answer and supporting brief on December 22, 2021, see ECF Nos. 14, 15, and a supplemental response on January 6, 2022. ECF No. 18. Carson filed his traverse on March 28, 2022. ECF No. 23. The matter is now ripe for adjudication.

On December 12, 2022, Chief Magistrate Judge Lanzillo issued an R&R in which he recommended that both the petition and a certificate of appealability be denied. ECF No. 25. Judge Lanzillo identified seven grounds for relief in Carson's §2254 petition, none of which he considered meritorious.

1

Carson's first claim alleged that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose and/or present a witness named Amy Markham at trial. By way of background, on the night of the murder, Markham and a friend heard gunshots and contacted 911. ECF No. 5 at 8-9. Markham was subsequently interviewed by police and provided a statement. She was also shown a photo array that included Carson as a suspect but failed to identify him as the person who committed the crime. *Id.* at 10. At trial, the prosecution played a recording of the 911 call but failed to produce Markham as a witness or provide the photo array to the defense. *Id.* Carson claimed that this violated his rights under *Brady* because the prosecution suppressed potentially exculpatory evidence that might have been provided by Markham.

As to this claim, the Chief Magistrate Judge noted that the state appellate court found this claim unmeritorious because Carson "was well-aware of Markham's existence prior to or, at the least, by the time of trial" and, therefore, the prosecution's tactical decision not to call Markham as a witness did not amount to concealment or suppression. ECF No. 25 at 5. Judge Lanzillo concluded that Carson's citation to *Berger v. United States*, 295 U.S. 78 (1935), a case that did not involve any *Brady*-related topic, failed to establish that the superior court's decision was contrary to or an unreasonable application of federal law. *Id.*

Second, Carson asserted that his trial counsel was ineffective because he failed to request that the jury be provided a missing witness instruction relating to Markham's absence at trial. ECF No. 25 at 8. As to this claim, Judge Lanzillo opined that the argument was procedurally defaulted and, even if not defaulted, it failed on the merits because Carson could not establish that Markham was available only to the Commonwealth. *Id.* at 11.

2

As his third ground for §2254 relief, Carson asserted that his pre-trial counsel was ineffective for failing to challenge evidence of prior bad acts – specifically, the testimony of an Erie police officer that he had responded to a "shots fired" incident involving Carson and the victim several weeks prior to the murder. As to this claim, Judge Lanzillo noted that the evidence was admissible for several permissible purposes including to show the sequence of events or to establish motive or intent. Accordingly, the Magistrate Judge found that there was no prejudice from pre-trial counsel's alleged ineffectiveness.

Carson's fourth ground for relief asserted that his pre-trial counsel was ineffective for erroneously advising Carson that, if he testified, he could be impeached on the basis of a prior robbery conviction. Judge Lanzillo rejected this claim after observing that, under Pennsylvania law, a robbery is considered an offense involving "dishonesty or false statement[s]" and is admissible for impeachment purposes.

As his fifth ground for §2254 relief, Carson asserted that trial counsel was ineffective for failing to seek exclusion of an inculpatory letter that Carson sent from prison while awaiting trial. In the letter, Carson asked another person to provide him with an alibi for the time of the shooting. Carson maintained that the letter should have been suppressed because prison officials improperly opened the letter after it had been returned to sender due to an unverifiable address. Judge Lanzillo concluded that trial counsel was not ineffective because Carson's argument that prison officials violated his constitutional rights by opening the letter had no bearing on whether the letter was admissible at his criminal trial.

Finally, Carson's sixth and seventh grounds for relief asserted that PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness in two regards: trial counsel's failure to challenge the sufficiency of the evidence (Ground Six), and trial counsel's failure to impeach

3

police witnesses with material from police reports (Ground Seven). As to these claims, Judge Lanzillo noted that, because there is no constitutional right to counsel during state post-conviction proceedings, claims of ineffective assistance of PCRA counsel are not cognizable in a federal habeas action. Judge Lanzillo also noted Carson had failed to sufficiently develop either claim.

In his objections to the Report and Recommendation, filed on January 6, 2023, and March 6, 2023, Carson objects to the Magistrate Judge's conclusions as to his first, second, third, fifth, sixth, and seventh grounds for relief. ECF No. 25. As to his first claim, Carson argues that, even if he knew of the existence of Markham as a potential witness, the government misled him as to Markham's availability at trial and failed to disclose Markham's location to him. As to his second claim, Carson disputes that Markham was available to him as a witness, arguing that she had left the jurisdiction and could not be located. Lastly, Carson objects to the Magistrate Judge's denial of his third, fifth, sixth, and seventh grounds for relief because he simply disagrees with Judge Lanzillo's legal conclusions.

Having carefully considered each of Carson's objections, the undersigned finds them to be meritless. The claims raised in Carson's first ground for relief rest on his argument that the government concealed or withheld Markham as a witness and failed to provide the photo array as an exhibit at trial. In addressing Carson's claim, the Pennsylvania Superior Court correctly noted that, to establish a *Brady* violation, Carson had to demonstrate that the prosecution concealed evidence, the evidence was either exculpatory or impeachment evidence favorable to him, and that he was prejudiced by the concealment. ECF No. 5-1 at 23-24. *See, e.g., United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006) (to establish *Brady* violation, "it must be shown that (1) evidence was suppressed; (2) the evidence was favorable to the defense; and (3) the evidence

4

was material to guilt or punishment."). Because there was no question that Carson "was well-aware of Markham's existence prior to or, at the least, by the time of trial," the court found that the "Commonwealth's tactical decision not to present Markham as a witness at trial was not a 'concealment.'" The court further found that Carson had failed to demonstrate prejudice from the Commonwealth's failure to provide the photographic array because he "could have merely asked the investigating officer whether Markham identified [Carson] from the array." Carson has not cited any caselaw suggesting that these conclusions were contrary to or an unreasonable application of *Brady*.

Turning to his second claim, Carson maintains that he was entitled to a "missing witness" instruction to the jury based on Markham's unavailability at trial. Because he procedurally defaulted this claim, Carson cannot obtain review unless, as the Magistrate Judge correctly noted, he satisfied his burden of demonstrating that PCRA counsel's performance in failing to raise this claim fell below the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). However, as explained in the Report and Recommendation, a missing witness instruction is inappropriate under Pennsylvania law where "[t]he uncalled witness is equally available to both parties." ECF No. 25 at 10. Carson has made no showing that Markham was only available to the Commonwealth. Accordingly, he cannot establish that PCRA counsel's failure to raise this claim violated *Strickland* (much less that trial counsel acted ineffectively by failing to preserve this claim at trial).

Finally, as to Carson's third, fifth, sixth, and seventh grounds for relief, the Magistrate Judge correctly concluded that the testimony relating to prior shots fired was admissible, prison staff's treatment of Carson's mail had no bearing on the admissibility of his letter at trial, and PCRA counsel's ineffectiveness did not form a cognizable basis for federal habeas relief. Judge

5

Lanzillo also properly concluded that Carson's assertion that the cumulative effect of the errors alleged in grounds one through seven entitled him to relief had not been sufficiently developed in Carson's petition to permit meaningful review.

In sum, after *de novo* review of the petition and documents in the case, together with the Report and Recommendation and Carson's objections thereto, the following order is entered:

NOW, this 24th day of September, 2024, IT IS ORDERED that the within petition for writ of habeas corpus shall be, and hereby is, DENIED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall be, and hereby is, DENIED, because jurists of reason would not find it debatable that Carson failed to make a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Lanzillo, issued on December 12, 2022, ECF No. [25], shall be, and hereby is, adopted as the opinion of this Court.  Petitioner's objections to the Report and Recommendation, ECF No. [28], are OVERRULED.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge